**Goran MILOVANOVIC, Appellant,**

v.

**Charles E. SAMUELS.**

**No. 07–4417.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Jan. 17, 2008.

Opinion Filed: Jan. 28, 2008.

Goran Milovanovic, Fort Dix, NJ, pro se.

Before: SLOVITER, FISHER and
HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Goran Milovanovic, a prisoner at FCI
Fort Dix, New Jersey, appeals the District
Court's dismissal of a petition he filed
pursuant to 28 U.S.C. § 2241. Because
the appeal presents no substantial ques-
tion, we will summarily affirm the judg-
ment of the District Court pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6.

**I.**

In 2005 Milovanovic pled guilty in the
United States District Court for the Mid-
dle District of Florida to a drug offense.
The court sentenced him to 78 months'
imprisonment, to be followed by three
years' supervised release. Milovanovic did
not appeal but instead filed a motion pur-
suant to 28 U.S.C. § 2255 challenging his
conviction and sentence. The motion was
denied. While his appeal from that deci-
sion was pending, Milovanovic sought leave
from the United States Court of Appeals
for the Eleventh Circuit to file another
§ 2255 motion. Leave was denied without
prejudice.

In 2006 Milovanovic filed a habeas cor-
pus petition pursuant to 28 U.S.C. § 2241,
arguing that his term of supervised release
should be included within the 78 months
sentence and that the District Court had
sentenced him for an offense with which he
had not been charged. The District Court
dismissed the petition for lack of jurisdic-
tion, reasoning that Milovanovic's claims
should have been brought under § 2255.
Milovanovic appealed, but we granted his
subsequent motion to dismiss the appeal.
C.A. No. 06–3206.

In 2007 Milovanovic filed another § 2241
petition. In this petition he repeats, albeit
in greater detail, his challenge to the exe-
cution of his sentence. He evidently be-
lieves that 78 months is the full extent of
his sentence, including his term of super-
vised release. Thus, Milovanovic argues
that his term of incarceration should be 78
months minus 36 months (supervised re-
lease) minus ten months (good time), i.e.,
32 months. Milovanovic, who no longer
argues that the sentencing court imposed a
sentence for an offense with which he was
not charged, insists that he is not challeng-
ing his conviction or sentence, merely its
execution, and thus may proceed under
§ 2241 rather than § 2255.

The District Court dismissed the peti-
tion on three alternative grounds: abuse of
the writ (*see Zayas v. INS*, 311 F.3d 247
(3d Cir.2002)); lack of jurisdiction (because
the claim should have been presented via
§ 2255); and as meritless. This appeal

followed.[1]

## II.

We agree with Milovanovic that his claim challenges merely the execution of his sentence and thus falls under § 2241 rather than § 2255. As a result, the District Court had jurisdiction to entertain it. We need not address whether Milovanovic's claim is barred as an abuse of the writ[2] because it is plainly meritless. As the District Court explained, the terms of his judgment require Milovanovic "to be imprisoned for a total term of SEVENTY-EIGHT (78) MONTHS.... Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS...." It could hardly be more clear that the term of supervised release is consecutive to the term of imprisonment, and that it is the term of imprisonment, not the overall length of the sentence, that is 78 months. The language of 18 U.S.C. § 3583(a) relied on by Milovanovic—"the court in imposing a sentence to a term of imprisonment ... may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment"—does not support his contention that 78 months is the full duration of his sentence, including supervised release. Indeed, § 3624(e) unambiguously provides otherwise. *See United States v. Johnson,* 529 U.S. 53, 56–57, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000).

Accordingly, we will affirm the judgment of the District Court.

---

1. We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's judgment de novo. *Zayas,* 311 F.3d at 252–253.

2. In Milovanovic's case the District Court raised abuse of the writ sua sponte and did not provide Milovanovic an opportunity to respond to the issue. However, the Supreme Court has explained that the respondent bears the burden of pleading abuse of the writ. *See McCleskey v. Zant,* 499 U.S. 467, 494–495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Courts have held that a district court may not raise the defense sua sponte unless it provides the petitioner an opportunity to respond. *See Femia v. United States,* 47 F.3d 519 (2d Cir. 1995), *United States v. Fallon,* 992 F.2d 212 (8th Cir.1993). Besides, Milovanovic's claim was not addressed on the merits in his prior § 2241 petition. *See Sanders v. United States,* 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).